UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Liberty Mutual Fire Insurance Company, *as subrogee of Paul and Linda Engelhart* <br><br> Plaintiff, <br><br> v. <br><br> Gree USA, Inc. and MJC America, Ltd., <br><br> Defendants. | Case No. 22-cv-1789 (DJF) <br><br> **ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement ("Motion") (ECF No. 26) and the parties have consented to jurisdiction before the undersigned Magistrate Judge under 28 U.S.C. § 636(c) (ECF No. 20). For the reasons given below, the Court grants Plaintiff's Motion, orders Defendants to tender settlement payment within seven days of the date of this Order, and orders Defendants to pay Plaintiff's reasonable costs, expenses, and attorney's fees incurred in filing the Motion.

Plaintiff Liberty Mutual Fire Insurance Company, as subrogee of Paul and Linda Engelhart, brought this action against Defendants Gree USA Inc. and MJC America Ltd. seeking recovery of the insurance proceeds it paid for damages to the Engelharts' home because of a fire caused by a defective Gree dehumidifier (ECF No. 1). The parties settled Plaintiff's action in October 2022, and Plaintiff tendered a fully executed Settlement Agreement and General Release of All Claims ("2022 Settlement Agreement") to counsel for Defendants on November 7, 2022. (*See* ECF No. 28 at 1; ECF No. 30, Ex. A.) The 2022 Settlement Agreement required Defendants to tender payment to Plaintiff's counsel within 90 days of defense counsel's receipt of the fully executed agreement, resulting in a February 6, 2023 payment deadline. (*See* ECF No. 28 at 2; ECF No. 30,

1

Ex. A at 1.) To date, Defendants have not tendered the settlement payment, and Plaintiff seeks an order compelling Defendants to pay the settlement proceeds. Plaintiff also seeks an order requiring Defendants to pay Plaintiff's costs, expenses, and attorney's fees incurred in bringing its Motion, pursuant to a Settlement Agreement and Release that the parties executed in 2018 ("2018 Agreement") (ECF No. 30, Ex. B). The 2018 Agreement entitles Plaintiff to such costs and fees if Defendants fail to pay settlement proceeds within 30 days of an agreed upon deadline if Plaintiff brings a motion to enforce the underlying settlement agreement. (*See id.* at 11.)

"Basic principles of contract formation govern the existence and enforcement of the alleged settlement[.]" *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citations omitted). "The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." *Id.* (citation omitted). The parties do not dispute that the 2022 Settlement Agreement and the 2018 Agreement are binding or unambiguous, and the language at issue is clear. The 2022 Settlement Agreement states that "payment … [is] to be tendered to Plaintiff's counsel … by or on behalf of [Defendants] within ninety (90) days of this fully executed agreement being received by [Defendant's counsel]." (ECF No. 30, Ex. A at 1.) And the 2018 Agreement states:

> The prevailing party in any dispute arising out of Gree's and/or its insurer's failure to pay the settlement proceeds for any Current or Future Subrogation Claims within (30) days of the deadlines agreed upon in this Settlement Agreement will be entitled to be reimbursed for reasonable and sufficiently documented costs, expenses and attorneys' fees incurred in bringing a lawsuit to enforce the settlement of any specific claim and/or this Settlement Agreement.

(*Id.*, Ex. B ¶19.)

Defendants argue the Motion to Enforce should be denied because their delay in tendering the settlement payment is due to their China-based insurance carrier's difficulties in transferring the settlement funds from China to the United States (ECF No. 33 at 1–2). But they identify no

2

language in the agreements that excuses compliance based on delayed payment from their carrier, and they do not dispute Plaintiff's interpretation of the agreements. Defendants further argue Plaintiff is not entitled to the costs and fees associated with its Motion to Enforce because Plaintiff is not prejudiced by the delay. (*Id.*) But they identify no language in the 2018 Agreement requiring a showing of prejudice. Assuming Defendants' assertions are correct, they nevertheless must comply with their biding contractual obligations. (*See Wausau Gen. Ins. Co. v. Gree USA Inc. et al.*, 1:22-cv-540-WCG, ECF No. 24) (rejecting defendants Gree USA Inc. and MJC America Ltd.'s argument that a binding settlement agreement should not be enforced against it due to delayed settlement funds from its China-based insurance carrier and ordering defendants to pay the fees and costs associated with bringing the motion.)

The Court accordingly **GRANTS** Plaintiff's Motion to Enforce Settlement Agreement (ECF No. [26]) as follows:

1. Defendants shall tender payment of the settlement funds required pursuant to the 2022 Settlement Agreement on or before **April 4, 2023**.
2. Defendants shall pay Plaintiff's reasonable costs, expenses and attorneys' fees incurred in bringing the Motion:
    a. The parties shall meet and confer on or before **April 11, 2023** regarding the amount of Plaintiff's costs, expenses and attorneys' fees to be paid.
    b. The parties shall file a joint letter or before **April 11, 2023** updating the Court on whether they have reached an agreement on the amount, and if not, whether they need more time to negotiate a resolution.
    c. If no agreement is reached and the parties reach an impasse, Plaintiff shall file a memorandum and support for the fees, costs and expenses it claims it incurred as a

result of the Motion. Defendants shall file their response seven days after Plaintiff files its memorandum.

**SO ORDERED.**

Dated: March 28, 2023                  *s/ Dulce J. Foster*
                                                        Dulce J. Foster
                                                        United States Magistrate Judge